ESTATE of Anna K. MARTIN, Deceased, Seth P. Martin, Sr., Independent Executor, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 78–1894

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 27, 1978.

Clyde J. B. Johnson, III, Mark P. Gainey, San Antonio, Tex., for petitioner-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Act. Chief, Stuart E. Seigel, Act. Chief Counsel, IRS, Grant W. Wiprud, Atty., Gilbert S. Rothenberg, Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

The appellant taxpayer contends that the notice of deficiency issued by the Internal Revenue Service was fatally defective because it failed to reflect a postmark. A stipulation was entered in the United States Tax Court as to the tax due and the question of jurisdiction was reserved for appeal. The Tax Court found the taxpayer's argument without merit and we affirm.

The facts necessary to understand this dispute are set forth briefly. On January 20, 1973, Anna K. Martin died. Her estate tax return was filed on October 17, 1973. Upon audit, the Commissioner determined that a certain parcel of land had been underevaluated resulting in a tax deficiency of $68,839.48. A statutory notice of deficiency [1] was prepared showing the date of August 23, 1976. Testimony reflected that the notice was mailed by certified mail on that date. No postmark was placed upon the envelope as such is not required with respect to government mail. On August 25, 1976, the deficiency notice was received by the Mason, Texas, post office. On August 26, 1976, the deficiency notice was received and read by Homer C. Martin, who was

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

1. I.R.C. § 6212.

then serving as executor of the estate. A timely petition challenging the Commissioner's action was filed with the Tax Court on October 28, 1976.

The gist of the taxpayer's argument is that this notice of deficiency, with no postmark, was defective and thus did not comply with the three year limitations period allowed for contesting such returns. Appellant contends that since the time limits for contesting such an assessed deficiency are definite and commence from the date "the notice of deficiency authorized in section 6212 is mailed",[2] it is incumbent upon the government to have a postmark on such a letter showing the precise mailing date. The government responds with a series of arguments including mootness, lack of prejudice, agency regulations, and compliance with statutory provisions.

To adopt the taxpayer's position, we would be required to establish a *per se* rule invalidating all notices of deficiency, absent a postmark, as being legally insufficient to comply with the statutes involved. This we are not prepared to do. It may be as important to stress what this case does not involve as to discuss its particular facts. This taxpayer did receive actual notice well within the prescribed period. This taxpayer did file a timely petition requesting a redetermination of the deficiency by the Tax Court. We are not dealing with a situation where the parties are contesting the date of mailing and whether or not it was within that period allowed. Similarly, we are not dealing with a taxpayer being confused or misled to the point where a petition for redetermination is not timely filed.[3]

The statute authorizes notice to be sent by certified or registered mail.[4] This was done. The notice was received and acted

upon. Under these facts, we hold that the Internal Revenue Service has complied with the legislative requirements and that the Tax Court did have jurisdiction.

Affirmed.

---

2.  I.R.C. § 6213(a).

3.  I.R.C. § 6213(c) provides:
    (c) Failure to File Petition—If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary.

Although this taxpayer filed a timely petition, the ultimate result was a concession that the Commissioner's valuation of the property was proper.

4.  I.R.C. § 6212.